UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES | CIVIL ACTION<br><br>16-719-SDD-RLB |
| VERSUS | |
| BATONHOTEL, LLC | |

### ORDER

**CONSIDERING** the *Verified Complaint*[1] and the annexed documents, the *Ex Parte Motion for the Issuance of a Writ of Sequestration and Appointment of a Keeper*[2] (the "Motion"), and the *Memorandum in Support*, the Court finding that it is within the power of the Defendant, BatonHotel, LLC (the "Defendant"), to cause waste to the "Mortgaged Property" hereafter described and/or to conceal or dispose of the revenues from the Mortgaged Property during the pendency of this action and that Plaintiff is entitled to the immediate issuance of a writ of sequestration and to the appointment of a keeper;

**IT IS HEREBY ORDERED:**

1. That sequestration issue herein as prayed for.

2. That, upon Plaintiff furnishing security bond in the amount of $0.00, the Clerk of Court for this District issue a writ of sequestration substantially in

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 6.

1

USM - certified

the form of Exhibit "A" attached to the accompanying Motion to the Marshal of this District ordering and commanding him to seize the property described herein below (the "Mortgaged Property") and the Proceeds therefrom and to turn the Mortgaged Property and Proceeds over to the keeper identified below:

One certain tract or parcel of land, located in Section 54, T8S, R1E and designated on "Map of the Resubdivision of Tract B of the resubdivision of Lot 4 of Roberts property located in Section 54, T-8-S, R-1-E, East Baton Rouge Parish, LA for Joseph Gladney & John L. Avant", made by Joffrion and Assoc., Inc., consulting Engineers, dated 10-2-1973, filed as Original 19 in Bundle 8705 of the official records of the Parish of East Baton Rouge, State of Louisiana, as TRACT "B-2-A", which said tract measures 263.46 feet front on the service road lying on the northeasterly side of Interstate I-10, by a depth on its northwesterly side of 266.24 feet, a depth on its southeasterly side of 348.6 feet and measuring 283.59 feet across the rear, as designated by map of Toxie Craft, Civil Engineer, dated February 28, 1978, and of record in the office of the Clerk and Recorder of the Parish of East Baton Rouge, as Original 916, Bundle 9250.

Municipal address: 10645 Rieger Road, Baton Rouge, Louisiana 70809.

Together with all buildings and improvements, appurtenances and attachments, right ways, privileges, servitudes, advantages, leases, movables, fixtures, equipment, furniture, royalties, rentals, vehicles, chattels, supplies, inventories, and other tangible assets used in the operation of the hotel known as "Microtel" as well as all intangible assets including the goodwill, franchise agreement(s), receivables, accounts and such.

3. That PELA Associates LLC ("Keeper") be and it is hereby duly appointed and named keeper of the Mortgaged Property pending completion of these proceedings, having all of the rights, powers, duties and obligations set forth in Louisiana Revised Statutes 9:5136, *et seq.*

4. That an authorized representative of the Keeper is authorized to take possession of the Mortgaged Property from the Marshal of this District, and that said Keeper is authorized to serve and to take all actions which might be required with respect to the Mortgaged Property to manage and conserve its value pursuant to all powers of law and the mortgage identified in the Complaint (the "Mortgage"), including but not limited to the right: (i) to take all reasonable steps to protect and preserve the Mortgaged Property, and (ii) to operate the Mortgaged Property, including without limitation the right to lease and manage the Mortgaged Property, enter into contracts, terminate, amend and modify contracts, leases, etc. and to rent rooms to guests in the hotel currently being operated on the Mortgaged Property, all in accordance with Louisiana Revised Statutes 9:5136, *et seq.* and in accordance with the provisions contained within the Mortgage.

5. That the Keeper be authorized and instructed to manage and operate the Mortgaged Property until further order of this Court with full authority to carry on, manage and operate the Mortgaged Property in any manner as may be deemed advisable by the Keeper, including the receipt and collection of any and all sums of money arising through the operation of the Mortgaged Property, to operate under the authority of any existing permits, contracts, leases, franchise agreements, and licenses including liquor license on the Mortgaged Property, and to obtain property and casualty, general liability, worker's compensation, and liquor liability

insurance for the protection of the Mortgaged Property, Keeper, and Plaintiff.

6. That Defendant and related parties, including any property manager and banking institutions, are instructed to provide an accounting of and turn over to the Keeper all of the Mortgaged Property, including without limitation, any and all rental payments, revenue from hotel guests and other revenues from the operation of a hotel on the Mortgaged Property, keys to the Mortgaged Property, accounts receivable, advance deposits or credits received and collected in connection with the Mortgaged Property, house banks, trust accounts, bank accounts, financial records, payroll records, contracts for outside services and consultants, certificates, permits, and licenses, including but not limited to liquor licenses, insurance certificates and policies, contracts, leases, rent rolls, guest ledgers, fixtures, inventories, supplies, furniture and equipment used or associated therewith, and all other things of value relating to the Mortgaged Property, and to continue to deliver to the Keeper any other records relating to the operation, maintenance and management of the Mortgaged Property.

7. That Defendant cooperate generally with the Keeper, Plaintiff and Midland Loan Services, a Division of PNC Bank, National Association ("Midland"), Plaintiff's Special Servicer, in the orderly transition of management of the Mortgaged Property and permit Keeper to carry out the rights and responsibilities set forth in this order. Defendant or anyone acting on the

behalf of Defendant shall cooperate with Keeper, Plaintiff and Midland in the orderly transfer or transition of any and all liquor licenses currently on the Mortgaged Property.

8. That, to the extent that Plaintiff and Midland are required during the pendency of this action to make advances for the types of expenses normally escrowed by Defendant, over and above any amounts held in escrow, or such other expenses as may be otherwise provided by the Loan Documents identified in the Complaint, such amounts are additionally due from the Defendant and secured by the Mortgage.

9. That to the extent that PELA Associates LLC, as Keeper, during the pendency of this action elects, in the sole discretion of Plaintiff or Midland, to advance or incur extraordinary expenses for the protection and preservation of the Mortgaged Property, or incurs such other expenses as may be otherwise provided by the Loan Documents identified in the Complaint, such amounts are taxed by the Court as costs pursuant to Louisiana Revised Statutes 9:5138(C).

10. That the Keeper be authorized from time to time, as the needs of Mortgaged Property may dictate, to obtain funding from Plaintiff or Midland, any amounts that Plaintiff or Midland and Keeper may agree are necessary for the protection of the Mortgaged Property or to undertake any other right granted to the Keeper by the Mortgage, which indebtedness shall form part of the indebtedness owed to Plaintiff, bear interest at the Default Interest Rate, and be secured by the Mortgage.

11. That the Keeper is authorized to cancel insurance and obtain new insurance, close bank accounts and receive funds, and employ personnel (employees) and hire professional persons to assist in the operation of the Mortgaged Property.

12. That the Keeper shall have no obligation to prepare, file and/or pay any income tax for Defendant or any of its principals.

13. That the Keeper shall have no responsibility for debts or obligations arising before its appointment as Keeper.

14. That the Keeper is entitled to be reimbursed its costs and expenses in carrying out the foregoing, together with reasonable compensation, during the term of the Keeper's appointment.

15. That this order is rendered specifically reserving the rights of Plaintiff against Defendant and all other persons for any and all other causes of action not alleged herein, and any and all other assets or security of any kind or type, together with all rights against all other collateral, property, endorses, guarantors, sureties, or others.

16. The United States Marshal for this District is authorized and directed to serve the Notice of Seizure upon Defendant, and take such steps as are necessary to implement the terms of this Order and the Writ of Sequestration issued pursuant to this Order.

17. The Plaintiff agrees to release, hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and others for whom they are responsible, from any liability or

responsibility for claims arising out of the care and custody of the defendant's property.

**ORDER SIGNED** in Baton Rouge, Louisiana the 30 day of November, 2016.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA