# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

WILMINGTON TRUST,                                                          CIVIL ACTION
NATIONAL ASSOCATION

VERSUS                                                                             16-719-SDD-RLB

BATONHOTEL, LLC.

## RULING

This matter is before the Court on the *Motion for Entry of Default Judgment as to BatonHotel, LLC and Enter Judgment as Final Pursuant to Rules 55(b) and 54(b)*[1] filed by Plaintiff, Wilmington Trust, National Association ("Wilmington Trust"). Defendant, BatonHotel LLC. ("Defendant"), has failed to respond to this motion in the same way it has failed to respond to any pleadings in this case. For the following reasons, Wilmington Trust's motion will be GRANTED.

## I.  FACTUAL BACKGROUND

On October 26, 2016, Wilmington Trust filed a *Complaint*[2] against Defendant. Counts I, II, III, IV, & V ask the Court to enter judgment against Defendant for: (1) judgment in the amount of $3,783,426.05 plus interest after October 18, 2016 on the principal balance at the default rate of interest (10.94%) compounded monthly, reasonable attorney's fees and additional amounts accruing after October 18, 2016 and all costs of this suit and of executing on any judgment resulting therefrom; (2) that the mortgage and assignment be recognized and maintained and that, in due course, the

---
[1] Rec. Doc. 14.
[2] Rec. Doc. 1.

Mortgaged Property be sold and, out of the proceeds thereof, Plaintiff's claim, with interest, attorney's fees, late charges, Yield Maintenance Premium, expenses and costs be paid in preference and priority over all other persons; (3) that, upon Wilmington Trust's posting of any sequestration bond found to be required by the Court, a writ of sequestration issue herein to the Marshal of this District directing and commanding him to seize the Property and Proceeds described above and turn the same over to the Keeper, as identified in the *Complaint* as PELA Associates LLC; (4) That PELA Associates LLC be duly appointed as Keeper of the Property, without bond, having all rights, powers, duties, and obligations set forth in Louisiana Revised Statues 9:5136, *et seq*; and (5) that Wilmington Trust's rights to collect and recover Borrower's Recourse Liabilities as defined in the Loan Agreement and to pursue personal liability for the payment of the entire Debt upon the occurrence of a Springing Recourse Event be reserved and that Plaintiff be granted such other relief as may be equitable and just to which it might be entitled under the Note, the Mortgage, the Assignment and the other Loan Documents, at law and/or in equity.

The record reflects that Defendant was properly served on January 5, 2017.[3] Defendant has never filed an answer or otherwise responded in any manner to the *Complaint*. Thus, on January 27, 2017, Wilmington Trust sought preliminary entry of default by the Clerk of Court as to Defendant.[4] The Clerk of Court entered his *Order*[5] of default against Defendant on January 30, 2017. To date, Defendant has still failed to

---

[3] Rec. Doc. 9.
[4] Rec. Doc. 12.
[5] Rec. Doc. 13.

answer or otherwise respond to the *Complaint*. Wilmington Trust now moves for entry of a Default Judgment against Defendant.

**II.     LAW**

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations …[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party."[6] This policy, however, is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[7] Considering these guidelines, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[8] Further, while the Court must accept pleaded facts as true, it retains the obligation to determine whether those facts state a claim upon which relief may be granted.[9]

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis.[10] First, a court must consider whether the entry of default judgment is appropriate under the circumstances.[11] The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly

---

[6] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691, 139 U.S.App. D.C. 256 (D.C.Cir.1970)).
[7] *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).
[8] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691, 139 U.S.App. D.C. 256 (D.C.Cir.1970)).
[9] *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir.2001).
[10] *Busi and Step hens on Ltd. v. U.S. Trade Finance Corp.,* No. 3:13–CV–3935–B 2014 WL 1661213 at *1, 2014 U.S. Dist. LEXIS 57730, at *3 (N.D. Tx. April 25, 2014) (citing cases); *Fidelity & Guaranty Life Insurance Company v. Unknown,* No. 13–CV–412–PRM, 2014 WL 2091257 at *2 2014 U.S. Dist. LEXIS 71313, at *5–6 (W.D.Tx. May 16, 2014) (citing cases).
[11] *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.[12] Second, a court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment.[13]

### III.    ANALYSIS

The Court finds that the above enumerated six factors weigh in favor of entering a default judgment. First, there are no material facts in dispute. Upon entry of default by the Clerk of Court, Defendant is deemed to have admitted the allegations of fact plead in the *Complaint*. As such, no disputed material facts are present in this case. Second, it is also undisputed that over four months have elapsed between service of the *Complaint* and Defendant's failure to file an answer or otherwise respond. Third, the grounds for default judgment against Defendant are clearly established, as outlined by the Court above. Fourth, there is no evidence before the Court to indicate that Defendant's failure to file an answer or otherwise respond was the result of a "good faith mistake or excusable neglect". Fifth, Defendant's failure to file a responsive pleading or otherwise defend the instant lawsuit for nearly seven months mitigates the harshness of the default judgment. Finally, the Court is not aware of any facts that would give rise to "good case" to set aside the default judgment if challenged by Defendant. After consideration of these factors, the Court finds that entry of default judgment against Defendant is appropriate under the circumstances.

---

[12] *Id.*
[13] *See Nishimatsu Const. Co., Ltd. V. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Additionally, the Court must "assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment".[14] The Court has thoroughly reviewed the exhibits and evidence provided by Wilmington Trust in support of its motion along with the applicable law and jurisprudence. The Court finds that Wilmington Trust has established by admitted facts and competent evidence that Defendant is liable to Wilmington Trust for: 1) the principal balance of the note and all other interest compounded monthly; 2) all additional amounts accruing after February 6, 2017, plus federal judicial interest thereafter accruing on the aggregate amount of all sums owed; 3) additional attorney's fees incurred from and after February 6, 2017, and; 4) all costs of this suit and of executing on any judgment resulting therefrom Borrower's Obligations. Additionally, Wilmington Trust's mortgage and assignment on the mortgaged property under control of the Keeper appointed by the Court's *Order*[15] is hereby recognized, and said mortgaged property[16] is ordered to be sold, and out of the proceeds thereof Borrower's Obligations, with interest, late charges, any additional amounts owed, reasonable attorney's fees and all costs will be paid to Wilmington Trust in preference and priority over all other persons. It is further ordered that Wilmington Trust's right to

---

[14] *Id.*
[15] Rec. Doc. 7.
[16] One certain tract or parcel of land, located in Section 54, T8S, R1E and designated on "Map of the Resubdivision of Tract B on the resubdivision of Lot 4 of Roberts property located in Section 54, T-8-S, R-1-E, East Baton Rouge Parish, LA for Josephy Gladney & John L. Avant", made by Joffrion and Assoc., Inc., consulting Engineers dated 10-2-1973, filed as Original 19 in Bundle 8705 of the official records of the parish of East Baton Rouge, State of Louisiana, as TRACT "B-2-A", which said tract measures 263.46 feet front on the service road lying on the northeasterly side of Interstate I-10, by a depth on its northwesterly side of 266.64 feet, a depth on its southeasterly side of 348.46 feet and measuring 283.59 feet across the rear, as designated by map of Toxie Craft, Civil Engineer, dated February 28, 1978, and of record in the office of the Clerk and Recorder of the Parish of East Baton Rouge, as Original 916, Bundle 9250. Together will all buildings and improvements, appurtenances and attachments, rights, ways, privileges, servitudes, advantages leases, movables, fixtures, equipment, furniture, royalties, rentals, vehicles, chattels, supplies, inventories, and other tangible assets used in the operation of the hotel known as "Microtel" as well as all intangible assets including the goodwill, franchise agreement(s), receivables, accounts and such.

pursue personal liabilities for the payment of the entire debt upon the occurrence of a springing recourse event, as defined in the "Loan Agreement", are reserved, and Wilmington Trust is hereby granted such other relief as may be equitable and just and to which it is entitled under the Note, Mortgage, Assignment and the other loan documents, at law and/or in equity.

## IV.   CONCLUSION

For the reasons set forth above, Wilmington Trust's *Motion for Entry of Default Judgment as to BatonHotel, LLC and to Certify and Enter Judgment as Final Pursuant to Rules 55(b) and 54(b)*[17] is hereby GRANTED.  *Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 15, 2017.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 14.